# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. OTTO, | Case No. EDCV 13-01192-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On July 15, 2013, Raymond E. Otto ("Plaintiff" or "Claimant") filed a complaint seeking review of the final decision by the Commissioner of Social Security ("Commissioner") finding, in a continuing disability review, that his disability had ceased as of February 1, 2008. The Commissioner filed an Answer on October 15, 2013. On February 26, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this

1  case remanded for further proceedings in accordance with this Memorandum Opinion

2  and Order and with law.

3                              **BACKGROUND**

4          Plaintiff is a 48-year-old male who initially was found to be disabled in a hearing

5  decision issued on June 3, 1992 with an onset date established as of February 1, 1988

6  on the basis that Plaintiff met Section 12.03 of the listing of impairments.  (AR 643.)  In a

7  subsequent continuing disability review, his disability was found to continue.  (AR 645.)

8  A cessation of benefits was proposed as of February 2008 on the basis that Plaintiff's

9  medical condition had improved and he could now perform basic work related activity.

10 (AR 643.)  Plaintiff requested reconsideration of the cessation determination and the

11 case was calendared before a disability hearing officer who issued an unfavorable

12 decision on November 13, 2008.  (AR 643.)  Dissatisfied, Plaintiff requested a hearing

13 which was held on February 23, 2010.  (AR 643.)  An unfavorable hearing decision was

14 issued on April 9, 2010 upholding the cessation of benefits based on medical

15 improvement.  (AR 643.)  Plaintiff requested Appeals Council review which was denied

16 on October 13, 2011 and thereafter Plaintiff sought appeal to this Court who remanded

17 the case on August 2, 2012.  (AR 643.)  The case was remanded to reassess the

18 treating source opinions of record and to re-evaluate Plaintiff's credibility.  (AR 643.)

19         A hearing was held on January 31, 2013, before the Administrative Law Judge

20 ("ALJ") Jesse J. Pease in San Bernardino, California.  (AR 643.)  Claimant appeared and

21 testified along with vocational expert ("VE") Kristan V. Sagliocco.  (AR 643.)  Claimant

22 was represented by counsel.  (AR 643.)

23         The ALJ issued an unfavorable decision on March 14, 2013, finding Claimant no

24 longer disabled beginning on February 1, 2008.  (AR 643-651.)

25                           **DISPUTED ISSUES**

26         As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as

27 grounds for reversal and remand:

28

                                         2

1.   Whether the ALJ has properly considered the relevant medical evidence of record in this case.

2.   Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A),

1382c(a)(3)(A).  "Once a claimant has been found to be disabled, . . . a presumption of

continuing disability arises in [the claimant's] favor" and the Commissioner "bears the

burden of producing evidence sufficient to rebut the presumption of continuing disability."

Bellamy v. Sec'y of Health & Human Servs., 755 F.2d 1380, 1381 (9th Cir. 1985).

A recipient whose condition has improved medically so that he is able to engage

in substantial gainful activity is no longer disabled.  42 U.S.C. § 1382c(a)(4); 20 C.F.R.

§§ 404.1594, 416.994; Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459

(9th Cir. 1995).  A medical improvement is

> any decrease in the medical severity of [a recipient's] impairment(s) which
> was present at the time of the most recent favorable medical decision that
> [the recipient was] disabled or continued to be disabled.  A determination
> that there has been a decrease in medical severity must be based on
> changes (improvement) in the symptoms, signs and/or laboratory findings
> associated with [the recipient's] impairment(s).

20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i) (internal citation omitted).

To determine if a claimant continues to be disabled, the ALJ must follow a seven-

or eight-step sequential evaluation process.[1]  20 C.F.R. §§ 404.1594, 416.994.

The first step for a Disability Insurance benefits claim is to determine whether the

claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d

742, 746 (9th Cir. 2007).  If so, the claimant is no longer disabled.  20 C.F.R. §

404.1594(f)(1).

The second step for a Disability Insurance benefits claim and the first step for a

Supplemental Security Income benefits claim ("step two") is to determine whether the

---

[1]As explained below, a claim for Disability Insurance benefits involves one more step than does a claim for Supplemental Security Income benefits.  For convenience, the Court will refer to the steps as they are numbered for a Disability Insurance benefits claim.  Although his initial application was for Disability Insurance benefits, Plaintiff appears to have received both types of benefits.  (See AR 34-41, 608.)

4

claimant has an impairment or combination of impairments which meets or medically equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the Social Security regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant's disability continues.  20 C.F.R. §§ 404.1594(f)(2), 416.994(b)(5)(i).

At step three, the ALJ must determine if medical improvement has occurred which results in a decrease in the medical severity of the claimant's impairments.  20 C.F.R. §§ 404.1594(f)(3), 416.994(b)(5)(ii).  If so, the analysis proceeds to the fourth step.  If not, the analysis proceeds to the fifth step.

At step four, the ALJ must determine if any medical improvement is related to the ability to work.  20 C.F.R. §§ 404.1594(f)(4), 416.994(b)(5)(iii).

At step five, the ALJ must determine if an exception to medical improvement applies.  20 C.F.R. §§ 404.1594(f)(5), 416.994(b)(5)(iv).  If certain exceptions apply, the analysis proceeds to the next step.  If other exceptions apply, the claimant is no longer disabled.  If no exceptions apply, the claimant's disability continues.  20 C.F.R. §§ 404.1594(d)-(e), 416.994(b)(3)-(4).

At step six, the ALJ must determine whether the claimant's impairments in combination are severe. 20 C.F.R. §§ 404.1594(f)(6), 416.994(b)(5)(v).  If not, the claimant is no longer disabled.

At step seven, the ALJ must assess the claimant's residual functional capacity[2] and determine if he or she can perform past relevant work.  20 C.F.R. §§ 404.1594(f)(7), 416.994(b)(5)(vi).  If so, the claimant is no longer disabled.

At step eight, the ALJ must determine whether the claimant can perform any other substantial gainful activity.  20 C.F.R. §§ 404.1594(f)(8), 416.994(b)(5)(vii).  If so, the claimant is no longer disabled.  If not, the claimant's disability continues.

---

[2]   Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 1, 2008, the date Claimant's disability ended.  (AR 645.)

As for step two, in a determination dated February 1, 1990, the ALJ found that Plaintiff has the following medically determinable severe impairments: schizophrenia, anger control problems, an impulse control disorder and personality disorder.  Claimant's schizophrenia was found to meet Listing 12.03 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)).  (AR 645.)  The ALJ decision states that the medical evidence also establishes that through February 1, 2008, Claimant had medically determinable severe impairments, including schizophrenia, morbid obesity, degenerative changes involving the lumbar spine, a history of a ganglion cyst in the left ankle, status post surgical removal in 2009, status post arthroscopic repair of the left knee in 2008 and stage II kidney disease as of 2011.  (AR 645-646.)

At step three, the ALJ determined that since February 1, 2008, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 646.)  Medical improvement occurred as of February 1, 2008 (20 C.F.R. §§ 404.1594(b)(1) and 416.994(b)(1)(i)).  (AR 646-647.) The medical improvement is related to the ability to work because, as of February 1, 2008, Claimant no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was met a the time of the CPD [3] (20 C.F.R. §§ 404.1594(c)(3)(i) and 416.994(b)(2)(iv)(A)).  (AR 647-648.)  Beginning on February 1, 2008, Claimant's impairments have continued to be severe (20 C.F.R. §§ 404.1594(f)(6) and 416.994(b)(5)(v)).  (AR 648.)

---

[3]   The ALJ mistakenly states that the most recent favorable medical decision finding that Claimant continued to be disabled is the determination dated February 1, 1990.  This is known as the "comparison point decision" or CPD.  The Commissioner concedes that the most recent favorable decision finding that Claimant continued to be disabled is March 7, 2001.

1  The ALJ then found that, beginning on February 1, 2008, Plaintiff has had the
2 RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with
3 the following limitations:

> 4  Claimant can lift, carry, push or pull no more than 20 pounds
> 5  occasionally and 10 pounds frequently, stand and/or walk no more
> 6  than four hours out of eight provided normal breaks and sit for eight
> 7  hours out of eight provided normal breaks. Postural activities can be
> 8  performed on no more than an occasional basis but Claimant is
> 9  precluded from work requiring the use of ladders, ropes or scaffolds
> 10  and must avoid dangerous unguarded moving machinery, and work at
> 11  unprotected heights. Mentally, Claimant is limited to 1-2 step simple
> 12  tasks performed in a nonpublic environment and such tasks must be
> 13  object oriented. Claimant cannot be responsible for the safety of
> 14  others and cannot perform work requiring the use of foot controls with
> 15  his lower extremities.

16 (AR 648-649.) In determining this RFC, the ALJ made an adverse credibility
17 determination. (AR 649.)

18  At step four, the ALJ found that Plaintiff has no past relevant work. (AR 640.) The
19 ALJ also found that considering Claimant's age, education and RFC, there are jobs that
20 exist in significant numbers in the national economy that Claimant can perform, including
21 inspector, lens inserter and sorter. (AR 650-651.)

22  Consequently, the ALJ found that Claimant was not disabled as of February 1,
23 2008, within the meaning of the Social Security Act. (AR 651.)

24        **DISCUSSION**

25  The ALJ decision must be reversed. The ALJ did not properly consider the
26 medical evidence and necessarily discounted Plaintiff's credibility improperly. The ALJ's
27 RFC is not supported by substantial evidence. The ALJ's nondisability determination is
28 not supported by substantial evidence nor free of legal error.

**I.      THE ALJ DID NOT PROPERLY CONSIDER THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ failed to discuss the opinions of Dr. Crutcher, Dr. Goldman and Dr. Chai.  The Court agrees as to Dr. Goldman and Dr. Chai.

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific,

legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B.    Analysis

Plaintiff Raymond Otto was found disabled in 1990 and most recently in March 2001.  (AR 297-301.)  Otto specifically met Listing 12.03 for schizophrenia.  He was determined to have experienced medical improvement as of February 1, 2008 and no longer met or equaled Listing 12.03.  He takes Risperdal and Celexa for his schizophrenia, which he testified helps him.  (AR 878-879.)

Nonetheless, Plaintiff challenges whether the ALJ properly considered the medical evidence.  He notes that, on March 5, 2001, Dr. Howard Crutcher completed a Medical Improvement Review Standard RFC and concluded that Plaintiff met or equaled Listing 12.03 for the mental impairments of schizophrenic, paranoid or other psychotic disorders.  (AR 415.)  Plaintiff contends that the ALJ erred in not mentioning Dr. Crutcher's opinion.  Yet, as the Commissioner observes, there is no dispute that Plaintiff was disabled prior to February 1, 2008.  The ALJ is not required to discuss evidence that

9

1    is neither significant nor probative.  Howard ex rel Wolff v. Barnhart, 341 F.3d 1006,

2    1012 (9th Cir. 2003.)  Thus, the ALJ did not err in failing to discuss Dr. Crutcher's

3    opinion.

4          Plaintiff next cites the opinion of his treating physician, Dr. Scott Goldman, who

5    stated in a letter dated November 24, 2008 that Plaintiff suffered from a lateral ligament

6    injury to his left ankle and "is unable to work."  (AR 769.)  Dr. Goldman later stated on

7    May 28, 2010 that Claimant had a diagnosis of severe osteoarthritis in his spine and

8    both knees and was "off work permanently."  (AR 768.)  In a separate letter that same

9    day, Dr. Goldman stated that Plaintiff has been diagnosed with "severe osteoarthritis to

10   his lumbar spine and knees."  (AR 599.)  Dr. Goldman opines that Plaintiff is

11   "permanently disabled and unable to work."  (AR 599.)  Supporting his opinion are x-rays

12   and MRIs (595, 778, 779) as well as numerous treating notes.

13         Plaintiff also cites the October 15, 2009 opinions of Dr. Michael Chai who noted

14   Plaintiff's degenerative joint disease in his knees, neck pain and back pain.  (AR 589.)

15   Dr. Chai also noted that Mr. Otto had utilized crutches, leg braces and/or a cane.  (AR

16   589.)  On November 4, 2009, Dr. Chai noted that Plaintiff had received cortisone

17   injections for persistent knee pain but "only had short-lived improvement."  (AR 729.)

18   Dr. Chai, his colleague Dr. Cong Phan and Dr. Prasanth Kumar repeatedly noted

19   Plaintiff's morbid obesity from 2006 to 2012 and encouraged weight loss.  (AR 700, 702,

20   707, 714, 717, 730, 804, 805,)

21         The ALJ decision does not mention much less discuss the opinions of

22   Dr. Goldman and Dr. Chai.  The Commissioner dismisses these opinions as not

23   probative because, says the Commissioner, they do not "relate to the relevant period of

24   the current claim."  The Commissioner does not explain this contention nor set forth any

25   authority regarding what is or is not at issue in this case.  The Court notes that the ALJ

26   decision sets forth a finding that "the claimant's disability ended on February 1, 2008,

27   and that the claimant has not become disabled again since that date."  (AR 644.)

28   (Emphasis added.)  In finding Plaintiff's hyperthyroidism and hypertension non-severe,

1   the ALJ cites to 2011 medical records.  (AR 646.)  The ALJ found that Claimant has not

2   met or equaled any listings "[s]ince February 1, 2008."  (AR 646.)  (Emphasis added.)

3   The ALJ specifically cites records after February 1, 2008 and through May, 2012 in

4   supporting the continuing validity of his medical improvement finding.  (AR 646-647.)

5   The Court cannot accept the Commissioner's contention that Dr. Goldman's and

6   Dr. Chai's opinions are not relevant or probative in view of the ALJ's own finding that

7   Claimant has not become disabled since February 1, 2008.

8          The Commissioner offers other arguments for rejecting the opinions of

9   Dr. Goldman and Dr. Chai but the Court is limited to reviewing the reasons and evidence

10  contained in the ALJ decision.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)

11  ("We are constrained to review the reasons the ALJ asserts").  As the Ninth Circuit

12  teaches in Thomas, the ALJ must set forth specific legitimate reasons for rejecting the

13  opinions of Dr. Goldman and Dr. Chai, after "setting out a detailed and thorough

14  summary of the facts and conflicting clinical evidence."  278 F.3d at 857.  Social Security

15  regulations indicate that every medical opinion will be evaluated.  20 C.F.R.

16  § 404.1527(d)(2).  SSR 96-2p states that "the notice of determination or decision must

17  contain specific reasons for the weight given to the treating source's medical opinion,

18  supported by the evidence in the case record, and must be sufficiently specific to make

19  clear to any subsequent reviewers the weight the adjudicator gave to the treating

20  source's opinion and the reason for that weight."  The ALJ erred in not discussing the

21  opinions of Dr. Goldman and Dr. Chai.  The error was not harmless because Dr.

22  Goldman's opinion, if credited, would be work preclusive.  See Stout v. Comm'r, Soc.

23  Sec. Adm., 454 F.3d 1050, 1055 (9th Cir. 2006) (error to be harmless must be

24  "inconsequential to the ultimate nondisability determination").

25         The ALJ also erred in another respect.  He did not fully develop the record.  There

26  is a colloquy at the hearing in which Plaintiff indicates he weighs 400 pounds and has

27  had increasing difficulty with pain in his knees and back as a result.  (AR 881-884.)  The

28  ALJ observed that at the time of cessation Plaintiff could stand four hours out of eight, sit

eight hours a day and lift 30 to 40 pounds (AR 649) but Plaintiff explicitly stated he could no longer do so at the time of the hearing on January 31, 2013.  (AR 884.)  The ALJ's February 1, 2008 cessation finding precedes the opinions of Dr. Goldman, Dr. Chai, Dr. Phan and Dr. Kumar.  Although obesity is not itself disabling and is no longer a listed impairment,[4] an ALJ must consider whether a claimant's obesity exacerbated his or her other impairments or caused any functional limitations.  Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003); cf. Burch v. Barnhart, 400 F.3d 676, 681-84 (9th Cir. 2005).  Here, the ALJ failed to do so for the period subsequent to February 1, 2008.  In Social Security cases, the ALJ has a special independent duty to develop the record fully and fairly and to ensure that the Claimant's interests are considered.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288.  The ALJ's duty to develop the record exists even when the Claimant is represented by counsel.  Tonapetyan, 242 F.3d at 1150.  Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  Here, the combination of the opinions of Dr. Goldlman and Dr. Chai regarding Claimant's severe osteoarthritis of his spine and knees with Plaintiff's testimony about increasing pain due to his weight created an ambiguity as to whether Plaintiff has become disabled again that triggered the ALJ's duty to develop the record more fully on that issue.

The ALJ did not properly consider the medical evidence.  The Court cannot properly assess the ALJ's credibility findings until the ALJ does so.  The ALJ's RFC is not supported by substantial evidence.  The ALJ's nondisability determination is not supported by substantial evidence nor free of legal error.

---

[4]   See Revised Medical Criteria For Determination Of A Disability, Endocrine System And Related Criteria, 64 Fed. Reg. 46122 (effective October 25, 1999) (de-listing 9.09 "Obesity" from Appendix 1, Subpart P of Part 404).

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.


DATED: March 17, 2014                                      _____*/s/ John E. McDermott*_____
                                                                                JOHN E. MCDERMOTT
                                                                                UNITED STATES MAGISTRATE JUDGE